## W. L. CARVELL v. SOUTHERN COLONIZATION COMPANY.[1]

July 21, 1916.

Nos. 19,874—(76).

**Breach of contract — damages not excessive.**
Action for breach of contract. Vendor agreed with plaintiff that a railroad should be constructed through the township in which the land was situated before 1913. At the time of trial in 1915 it had not been built. Verdict for $350, which was approved by the trial court. *Held:* The verdict was sustained by the evidence, and the amount is not excessive. [Reporter.]

Action in the district court for Ramsey county to recover $750 for breach of contract. The case was tried before Olin B. Lewis, J., who at the close of the testimony denied defendant's motion to direct a verdict in favor of plaintiff for nominal damages and a jury which returned a verdict for $350. From an order denying its motion for judgment in favor of plaintiff for nominal

1 Reported in 158 N. W. 788.

damages only, notwithstanding the verdict, or for a new trial, defendant appealed. Affirmed.

  *Arthur Christofferson* and *Alvin B. Christofferson,* for appellant.
  *William W. Fry,* for respondent.

PER CURIAM.

Action for damages for breach of contract. Plaintiff had a verdict. Defendant appeals from the order denying its motion for a new trial.

In March, 1911, plaintiff bought from defendant a 20-acre tract of land in township 34, range 32, Osceola county, Florida, paying therefor the sum of $500. He received his deed in 1912. Defendant agreed with plaintiff that it would construct and have in operation a railroad through townships 34 and 35, range 33, Osceola county, Florida, on or before December 31, 1912.

The railroad had not been constructed at the time stipulated nor had it been completed or in operation on May 20, 1915, the date of the trial. A railroad grade under construction was within eight or ten miles of the land in question on December 31, 1912. If the railroad had been built and in operation as provided by the contract, it would have passed within four or five miles of plaintiff's land. Defendant's good faith must be conceded.

The only question raised on this appeal is whether there is evidence sufficient to sustain the verdict. We think there is. No exception was taken to the charge to the jury. Defendant's contention is that the evidence does not justify a verdict except for nominal damages. It is conceded that defendant did not perform its contract. There is evidence from which a jury could find that substantial damages had accrued. The court so charged and the jury so found. Their verdict has been approved by the trial court. Under these circumstances we cannot say that the damages are excessive as a matter of law. The testimony of defendant's witnesses as to the value of the land was not conclusive on the jury.

Order affirmed.