JOHNSON *v.* FEDERAL UNION SURETY CO.

1. EVIDENCE—DEPOSITIONS—ADMISSIBILITY.
   Depositions taken while a case was pending in the Federal court were admissible in the circuit court, to which it was remanded for want of jurisdiction in the Federal court, where counsel had notice of the taking of the depositions and cross-examined the witnesses.    3 Comp. Laws 1915, § 12500.

2. APPEAL AND ERROR—PRINCIPAL AND AGENT—RES JUDICATA.
   The question of an agent's authority to bind a principal is not debatable, where it was settled in a prior appeal.

Error to Ingham; Wiest, J. Submitted October 5, 1916. (Docket No. 19.) Decided December 22, 1916.

Assumpsit by P. Albin Johnson and Leo L. Wood, copartners as Johnson & Wood, assignees of the Title Guaranty & Surety Company, against the Federal Union Surety Company for contribution. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Moore & Moore,* for appellant.

*Goodenough & Long,* for appellees.

MOORE, J. This cause was originally brought in the Ingham county circuit court. The defendant transferred it to the Federal court at Detroit. While the case was pending in the Federal court depositions of Mr. Magee and several others were taken. Subsequently the Federal court held it had no jurisdiction, and remanded the case to the Ingham county circuit court, and a verdict directed for the defendant, which was reversed by this court and a new trial ordered. See 187 Mich. 454 (153 N. W. 788). The case was

retried at the Ingham county circuit court when the plaintiffs obtained a judgment, and the defendant brings the case here by writ of error. The facts disclosed by the present record are substantially the same as when the case was here before, and a reference to the opinion in that case will make a long statement here unnecessary.

On the second trial the depositions of several witnesses taken while the case was in the Federal court were received; this is said to be error on the ground that the Federal court had no jurisdiction. After the case had been submitted the circuit judge instructed the jury that Mr. Abbott had authority as a matter of law to make an offer to pay $2,500, and that if the offer was made the plaintiffs had as a matter of law accepted it, and thereby made a binding contract, unless the jury should find that the offer was not accepted within a reasonable time.

Counsel for appellant say:

"When the court has no jurisdiction its action is a nullity, and that the admission of the depositions was error."

The case was removed to the Federal court by the defendant. Its counsel had notice of the taking of the depositions and cross-examined the witnesses. It was the same case between the same parties for the same cause of action all the time. The admission of the depositions was not error. Section 10142, 3 Comp. Laws (3 Comp. Laws 1915, § 12500). See *Woolenslagle* v. *Runals*, 76 Mich. 545 (43 N. W. 454).

Counsel argue at great length the question of Mr. Abbott's authority to bind defendant. We think that question is not debatable in view of what was said by Justice STONE when the case was here before (187 Mich., at pages 467 and 468 of the opinion [153 N. W. 792]).

Judgment is affirmed, with costs of the plaintiffs against the defendant.

STONE, C. J., and OSTRANDER, STEERE, and BROOKE, JJ., concurred. KUHN, BIRD, and PERSON, JJ., did not sit.