CUSHMAN v. AVIS

1. CONTRACTS—RESCISSION—EFFECT.

Rescission abrogates a contract completely; after the rescission of a contract, it is as if no such contract had been made.

2. CONTRACTS—RESCISSION—TERMINATION NOTICE.

A contract was rescinded at the time the parties agreed to rescind the contract even though the contract provided that twelve months advance notice must be given before any termination would become effective, because rescission abrogates the contract completely.

3. LIMITATION OF ACTIONS—CLAIMS—ACCRUAL.

A claim accrues at the time the wrong upon which the claim is based was done, regardless of the time when damage results (MCLA § 600.5827).

4. LIMITATION OF ACTIONS—CONTRACTS—RESCISSION.

The statute of limitations for breach of contract was not tolled by the plaintiff's continued operation according to the terms of the contract where the continued operation occurred after the parties had validly rescinded the contract, because the plaintiff's claim accrued at the time of breach of the contracts (MCLA § 600.5827).

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 November 2, 1970, at Lansing. (Docket No. 9,581.) Decided December 2, 1970. Leave to appeal denied February 9, 1971. 384 Mich 802.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur 2d, Contracts § 516.
[2] 17 Am Jur 2d, Contracts § 490 *et seq.*
[3] 51 Am Jur 2d, Limitation of Actions §§ 109, 126.
[4] 17 Am Jur 2d, Contracts § 517.

Complaint by Seward R. Cushman, Jr. against Warren E. Avis for damages for breach of contract. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Sheffer, Bell & Bennett,* for plaintiff.

*McClintock, Fulton, Donovan & Waterman (William P. Thorpe,* of counsel), for defendant.

Before: QUINN, P. J., and DANHOF and CARROLL,* JJ.

QUINN, P. J.   This action involves a contract, rescission, statute of limitations and accelerated judgment.

On June 20, 1960, plaintiff and defendant entered into a written agreement by which defendant purchased 50 per cent of plaintiff's advertising business. Plaintiff agreed to promote defendant's interests and plaintiff was to receive a salary and 20 per cent of the profits after taxes. In the development of this case, the following contractual subsection becomes important:

"6. If it becomes necessary and advisable to terminate this agreement Warren E. Avis agrees to give Seward R. Cushman twelve (12) months advance notification of the termination thereof."

On April 13, 1962, defendant sent plaintiff a letter which reads as follows:

"This is to confirm our discussion with regard to the agreement between us dated June 10, 1960, providing for the acquisition by me of an interest in the Cushman Advertising Company."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"It is understood that this agreement was never in existence. Please confirm this and that the agreement was rescinded and void from its inception, by returning a signed copy of this letter for our files."

Under the words "confirmed and agreed", plaintiff signed his name. The agreement is dated April 14, 1962.

Plaintiff commenced an action for various damages including interest, equipment loss, and salary on November 4, 1968. The trial court held:

"Without some showing factually, supported by affidavit or testimony, as to why the action of April 13 and 14, 1962, did not act to rescind or breach the June 10, 1960 contract or without some showing as to how the statute of limitations was tolled for a sufficient period of time between April 13, 1962, and November 4, 1968, his cause of action is barred."

On appeal, plaintiff contends paragraph six of the original contract is binding and any attempt to terminate the contract by the letter of April 13, 1962, would merely amount to a twelve-month notice, an extension which prevents the running of the statute and therefore his action is timely. Plaintiff claims the parties continued to operate under the original contract until after June 1, 1963, and, therefore, the contract cannot be called a nullity and that rescission requires financial restoration and an accounting.

Plaintiff signed, confirmed, and agreed that the original agreement was to be "rescinded and void from its inception". No other construction is possible. *Canvasser Custom Builders, Inc.* v. *Seskin* (1969), 18 Mich App 606. Breach of contract and rescission were complete April 14, 1962.

Rescission abrogates the contract completely. After a binding election to rescind, a party cannot insist on former contract rights. It is as if no such

contract had been made.  17A CJS, Contracts § 440, pp 551, 552; 1 Black on Rescission and Cancellation (2d Ed), § 1; *Wall* v. *Zynda* (1938), 283 Mich 260, 264; *Travelers Insurance Company* v. *Carey* (1970), 24 Mich App 207.

The twelve-month termination notice was an original contractual right which was cancelled and eliminated through mutual rescission.  This period of time, therefore, cannot be used to toll the limitations statute.  The statute was not tolled and the trial court properly decided "his cause of action is barred".

The above determination obviates any discussion of issues relating to damages, financial restoration, or accounting because these claims have been legally defeated by the running of the statute.

Plaintiff's continued operation under the contract after breach and rescission on April 13 and 14, 1962, did not prevent the running of the statute. The above dates set the time for the accrual of the action.  A claim accrues at the time the wrong upon which the claim is based was done, regardless of the time when damage results.  MCLA § 600.5827 (Stat Ann 1962 Rev § 27A.5827); *Cree Coaches, Inc.* v. *Panel Suppliers, Inc.* (1970), 23 Mich App 67.

No material issues of fact are presented.  The trial court properly granted judgment in favor of defendant as a matter of law.

Affirmed with costs to defendant.

All concurred.