ROBINSON v A Z SHMINA AND SONS COMPANY

Docket No. 43205. Submitted February 6, 1980, at Detroit.—Decided
    April 3, 1980.

David Robinson was killed when a crane came in contact with an
    electric wire. Robinson was an employee of Weiss Pollution
    Control Company. Weiss was a subcontractor under a contract
    for the construction of a water purification plant entered into
    between A. Z. Shmina and Sons Company, the general contrac-
    tor, and the City of Pontiac. Alfred J. Robinson, the administra-
    tor of the estate of David Robinson, brought an action against
    Shmina, the City of Pontiac, the City of Pontiac Water Depart-
    ment and Detroit Edison, the owner of the electrical transmis-
    sion wire contacted by the crane. Shmina, in turn, filed a third-
    party complaint against Weiss seeking indemnification from
    Weiss both pursuant to the indemnity provision of the contract
    between Shmina and Weiss and under common-law indemnity.
    Weiss moved for summary judgment contending that the con-
    tractual indemnification clause was statutorily void because it
    sought to indemnify Shmina for its own negligence and that
    common-law indemnity was not available to Shmina because
    the primary plaintiff alleged that Shmina was actively negli-
    gent. The Wayne Circuit Court, Joseph A. Moynihan, J.,
    granted Weiss's motion for summary judgment with respect to
    the claim based upon contractual indemnity, but denied the
    motion for summary judgment with respect to the claim based
    upon common-law indemnity. Shmina appeals. *Held:*

    The portion of the indemnity provision of the contract which
    purported to indemnify promisee Shmina from liability for
    damages arising out of its sole negligence is contrary to public
    policy. That portion of the indemnity provision of the contract,
    however, is severable from the portion of the provision which
    purports to indemnify Shmina from liability where the dam-

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Contracts § 188.
    57 Am Jur 2d, Negligence § 20.
    63 Am Jur 2d, Products Liability § 30.
[2] 17 Am Jur 2d, Contracts §§ 275, 276.
[3] 17 Am Jur 2d, Contracts § 230.

ages arise out of its joint rather than its sole negligence. The joint negligence portion, being severable, is not rendered invalid by reason of the fact that it is supported by the same consideration as the unlawful portion of the indemnity provision. Accordingly, the trial court erred in granting summary judgment dismissing the claim for indemnity based upon the contractual provisions.

Reversed and remanded.

1. INDEMNITY — CONTRACTS — CONSTRUCTION CONTRACTS — NEGLIGENCE — STATUTES.

An indemnity provision in a construction contract which seeks to protect the promisee from liability for personal injury or property damage arising from the sole negligence of the promisee is, as a matter of public policy, void (MCL 691.991; MSA 26.1146[1]).

2. CONTRACTS — INDEMNITY — CONSTRUCTION OF CONTRACT — INTENTION — STRICT CONSTRUCTION — DRAFTER OF CONTRACT — INDEMNITEE.

An indemnity contract, like other contracts, is enforced so as to effectuate the intention of the parties, but the language of an indemnity contract will be strictly construed against the party who drafts the contract and against the indemnitee.

3. CONTRACTS — INDEMNITY — SEVERANCE — NEGLIGENCE — CONSIDERATION.

A general rule of contract law is that a void section of an otherwise valid provision can be severed if it is not an essential part of the whole; therefore, a portion of an indemnity provision of a construction contract which purports to unlawfully indemnify a promisee from liability for damages arising solely from the promisee's negligence will be severed from the remaining portion of the indemnity provision which lawfully indemnifies the promisee from liability for damages arising out of the promisee's joint negligence with the promisor; a lawful promise based on good consideration is not invalidated by an unlawful promise which is made for the same consideration.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark,* for A. Z. Shmina and Sons Company.

*Hibbs, Lewis & Golden, P.C.* (by *Terry S. Welch),* for Weiss Pollution Control Corporation.

Before: N. J. Kaufman, P.J., and D. E. Holbrook, Jr. and R. M. Maher, JJ.

Per Curiam. This appeal arises from a third-party indemnity action.

In August, 1973, A. Z. Shmina and Sons Company (hereinafter Shmina) entered into a contract with the City of Pontiac for the construction of a water purification plant. Subsequently, Shmina subcontracted part of the work to Weiss Pollution Control Corporation (hereinafter Weiss). David Robinson, an employee of Weiss, suffered fatal injuries while working on the job. Alfred Robinson, the administrator of his estate, brought an action against Shmina. In turn, Shmina filed a third-party complaint against Weiss seeking indemnification if Shmina is ultimately held liable to the primary plaintiff.

In response to Shmina's third-party complaint, Weiss filed a motion for summary judgment contending: (1) that the contractual indemnification clause was void under MCL 691.991; MSA 26.1146(1), which prohibits an indemnitee from recovering for his sole negligence; and (2) Shmina was not entitled to common law indemnity because the primary plaintiff alleged that Shmina was actively negligent.

In his complaint, the primary plaintiff alleged that David Robinson was electrocuted while unloading a sluice gate valve from a crane which was parked in close proximity to a high voltage electrical wire and came in contact with the overhead wire. The primary plaintiff averred, *inter alia,* that Shmina was negligent in allowing the crane to be parked close to an overhead wire, in failing to warn the crane operator to avoid the wires, in failing to inspect the job site and discover the

danger, in failing to equip the crane with insulation devices or proximity warning devices, and in failing to have the electrical wires de-energized.

After a hearing in the Wayne County Circuit Court, the trial judge granted Weiss's motion for summary judgment on the basis of contractual indemnity, finding that the indemnity clause in question violated the sole negligence provision of MCL 691.991; MSA 26.1146(1). However, the trial judge denied Weiss's second ground for summary judgment, finding that Shmina's third-party complaint properly stated a claim for common-law indemnity. This portion of the decision has not been appealed, and our decision is confined to the issue of contractual indemnity.

Shmina brought a motion for rehearing in the trial court on the issue of contractual indemnity. The motion was denied in an opinion written on August 29, 1978. Shmina appeals as of right from the order implementing the trial court's opinion.

The indemnity clause between Shmina and Weiss, which is contained in the subcontract, provides:

"That the Subcontractor shall:
"(1) Be bound to the Contractor by the terms of the Contractor Documents and this Agreement, and assume toward the Contractor all the obligations and responsibilities that the Contractor, by those documents, assumes toward the Owner, as applicable to this Subcontract."

The interpretation of this so-called "step-over" clause depends upon the contract between the City of Pontiac (referred to as the "owner") and Shmina, the general contractor (or "contractor"). The indemnity clause between Shmina and the city provides:

"B-4.09.01 The Contractor will indemnify and hold harmless the Owner and the Engineer and their agents and employees from and against all claims, damages, losses and expenses including attorneys' fees arising out of or resulting from the performance of The Work, provided that any such claim, damage, loss or expense (a) is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than The Work itself) including the loss of use resulting therefrom and (b) *is caused in whole or in part by any negligent act or omission of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, regardless of whether or not it is caused in part by a party indemnified hereunder.*

"B-4.09.02 In any and all claims against the Owner or the Engineer or any of their agents or employees by any employee of the Contractor, any Subcontractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, the indemnification obligation under Paragraph B-4.09.01 shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for the Contractor or any Subcontractor under workmen's compensation acts, disability benefit acts or other employee benefit acts." (Emphasis added.)

In the building and construction industry, public policy, as expressed by MCL 691.991; MSA 26.1146(1), prohibits an indemnitee from recovering for his sole negligence. This statute provides:

"Sec. 1. A covenant, promise, agreement or understanding in, or in connection with or collateral to, a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole

negligence of the promisee or indemnitee, his agents or employees, is against public policy and is void and unenforceable."

Thus, as a matter of public policy, the indemnitor is not liable even if the contract specifically provides for indemnity for the indemnitee's negligence, unless the indemnitor is also negligent. *Nanasi v General Motors Corp,* 56 Mich App 652, 659; 224 NW2d 914 (1974), *Robertson v Swindell-Dressler Co,* 82 Mich App 382, 399; 267 NW2d 131 (1978).

Indemnity contracts, like other contracts, are to be enforced so as to effectuate the intentions of the parties. *Gartside v Young Men's Christian Ass'n,* 87 Mich App 335, 339; 274 NW2d 58 (1978). In ascertaining the intentions of the parties, one must consider not only the language used in the contract but also the situation of the parties and the circumstances surrounding the contract. *Gartside, supra.* Indemnity contracts are construed most strictly against the party who drafts them, and against the party who is the indemnitee. *Gartside, supra, Fireman's Fund American Ins Cos v General Electric Co,* 74 Mich App 318; 253 NW2d 748 (1977).

We agree that the language of the contracts previously quoted could be construed to require Weiss to indemnify Shmina in a situation where Shmina was solely negligent. However, this does not invalidate the indemnity clause *in toto.* A general rule of contract law is that a void section of an otherwise valid provision can be severed if it is not an essential part of the whole. *Robertson v Swindell-Dressler Co, supra.*

In *Ford v Clark Equipment Co,* 87 Mich App 270, 274-276; 274 NW2d 33 (1978), this Court was faced with the following indemnity provision in a

contract providing for the installation of an over-head sprinkling system at a facility owned by Clark:

"It is understood and agreed that the seller will indemnify and save harmless the buyer from and against any and all claims for injury or death to persons or damage to property (including costs of litigation and attorney's fees) in any manner caused by, arising from, incident to, connected with or growing out of the work to be performed under this contract, regardless of whether such claim is alleged to be caused, in whole or in part, by negligence or otherwise, on the part of the buyer or its employees. Seller will promptly notify buyer in writing of any such claim, setting forth all details thereof known to seller." *Id.,* at 272-273.

The Court stated that the contractor made two separate promises in the indemnity clause: to indemnify Clark for its sole negligence, and to indemnify Clark if the injury was caused "in part" by Clark's negligence. Both of these promises were supported by the same consideration. Citing the rule in 17 CJS, Contracts, § 289(a), p 1220, the Court found that a lawful promise based on good consideration is not invalidated by an unlawful promise which is made for the same consideration. The Court concluded that the promise to indemnify Clark for its sole negligence could be severed, and the promise to indemnify Clark where it was partially negligent could be enforced without doing violence to either the contracting parties' intent or to the statute.

We agree with the reasoning of *Ford v Clark, supra.* We therefore reverse the trial court's grant of summary judgment and remand for a trial on the third-party action. As there is some ambiguity in the meaning of the "step-over" clause, its con-

struction cannot be decided by the Court as a matter of law.

Reversed and remanded for proceedings consistent with this opinion.