## SAMUEL D BEGOLA SERVICES, INC v WILD BROTHERS

Docket Nos. 154050, 160285. Submitted February 22, 1995, at Lansing. Decided May 19, 1995, at 9:10 A.M. Leave to appeal sought.

Samuel D. Begola Services, Inc., brought an action in the Ingham Circuit Court against Wild Brothers and others, seeking specific performance of purchase agreements for the sale of two parcels of land that the plaintiff agreed to purchase by land contract. The defendants refused to close on the properties when they discovered that, two weeks after the purchase agreements were executed, the plaintiff had executed a contract with a timber harvester to remove all trees on the property that were over a certain diameter. The purchase agreements had prohibited the plaintiff from removing timber for commercial purposes beyond the extent necessary for authorized development. The court, Thomas L. Brown, J., granted the defendants' motion for a directed verdict and also granted the defendants an award of costs and attorney fees. The plaintiff appealed separately from both orders. The appeals were consolidated.

The Court of Appeals *held:*

1. The defendants were entitled to rescind the agreements and effected a rescission by refusing to proceed to the closing. The plaintiff perpetrated a fraud in inducing the defendants to enter into the purchase agreements while having no intention of abiding by their terms. Michigan recognizes the contract theory of fraud in the inducement to enter a contract, which renders the contract voidable at the option of the defrauded party.

2. The provisions in the purchase agreements regarding the payment of costs and attorney fees by the party who loses a legal action for the enforcement of the agreements were severable from the purchase agreements and survived the rescission of the agreements. The trial court acted properly in enforcing them.

3. The trial court did not err in allowing an attorney who

REFERENCES

Am Jur 2d, Contracts § 548; Fraud and Deceit §§ 1, 2, 8, 12, 57-80.
See ALR Index under Cancellation or Rescission; Fraud and Deceit.

was a member of defense counsel's firm to testify and in refusing to disqualify the firm.

Affirmed.

1. FRAUD — CONTRACTS — FRAUD IN THE INDUCEMENT.

Actionable fraud generally must be predicated on a statement relating to a past or an existing fact; fraud in the inducement to enter a contract, which occurs where a party materially misrepresents future conduct under circumstances in which the assertions reasonably may be expected to be relied upon and are relied upon, also is actionable and renders the contract voidable at the option of the defrauded party.

2. CONTRACTS — RESCISSION — SEVERABLE PROVISIONS.

Although the rescission of a contract generally abrogates the contract completely and annuls all former contract rights, the failure of a distinct part of the contract does not void valid, severable provisions; the primary consideration in determining whether a contractual provision is severable is the intention of the parties.

*Ryan A. Husaynu, P.C.* (by *Ryan A. Husaynu*), for the plaintiff.

*Foster, Swift, Collins & Smith, P.C.* (by *Scott A. Storey*), for Wild Brothers, Louis E. Wild, L. Donald Wild, and E. D'Wayne Wild.

Before: HOLBROOK, JR., P.J., and JANSEN and O'CONNELL, JJ.

O'CONNELL, J. In these consolidated appeals, plaintiff challenges an order denying reconsideration of the involuntary dismissal of its complaint and a subsequent order granting defendants an award of their costs and attorney fees. We affirm.

Defendants owned two parcels of heavily wooded land that plaintiff agreed to purchase by land contract. Under the terms of the purchase agreements, plaintiff was authorized to develop the properties for recreational and residential use during the term of the contracts, but was prohibited

from removing timber for commercial purposes beyond the extent necessary for authorized development.

Before closing on the properties, plaintiff attempted to negotiate new sales agreements. Rather than purchasing the properties by land contract, plaintiff offered a substantial down payment, with defendants to hold a mortgage note for the balance. Under such an arrangement, legal title would have passed to plaintiff immediately, thereby circumventing the timber removal restriction. This second offer, which would have superseded the parties' original agreements, was not accepted, although it is not clear whether it was definitively rejected.

Unbeknownst to defendants, plaintiff had contracted with a timber harvester two weeks after the purchase agreements were executed to remove all trees on the properties that were over a certain diameter. Defendants learned of this when they discovered an employee of the timber harvester marking trees on the properties. Defendants refused to close on the properties, and plaintiff brought suit, seeking specific performance. After plaintiff presented its evidence to the bench, defendants moved for a "directed verdict," which the court granted on the basis of plaintiff's fraud in misrepresenting its intention to harvest. the timber. The court then denied plaintiff's motion for reconsideration.

Defendants later moved for an award of costs and attorney fees. The purchase agreements contained provisions to the effect that the prevailing party in any action to enforce the agreements would be entitled to such expenses. The court granted this motion on the basis of the contractual provisions, awarding defendant approximately $34,000 in costs and fees.

We treat defendants' motion for a "directed verdict" as a motion for an involuntary dismissal pursuant to MCR 2.504(B)(2). *Armoudlian v Zadeh,* 116 Mich App 659, 671; 323 NW2d 502 (1982); *Angelo Iafrate Co v M & K Development Co,* 80 Mich App 508, 512-513; 264 NW2d 45 (1978). The involuntary dismissal of an action is appropriate where the trial court, when sitting as the finder of fact, is satisfied at the close of the plaintiff's evidence that "on the facts and the law the plaintiff has shown no right to relief." MCR 2.504(B)(2). Therefore, plaintiff's suit for specific performance being an equitable action, *Godwin v Lindbert,* 101 Mich App 754, 757; 300 NW2d 514 (1980), we review the ultimate determination de novo and review for clear error the findings of fact supporting that determination. *Webb v Smith (After Remand),* 204 Mich App 564, 568; 516 NW2d 124 (1994). A trial court's findings are clearly erroneous only where "we are left with a definite and firm conviction that a mistake has been made." *Id.*

Plaintiff argues that the court erred in finding a fraud to have been perpetrated where any misrepresentations allegedly made pertained solely to future actions, that is, to the future removal of trees in violation of the purchase agreements. While plaintiff is correct in asserting that, in general, actionable fraud must be predicated on a statement relating to a past or an existing fact, see, e.g., *Scott v Harper Recreation, Inc,* 444 Mich 441, 446, n 3; 506 NW2d 857 (1993), Michigan also recognizes fraud in the inducement. Fraud in the inducement occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon. *Kefuss v Whitley,* 220 Mich 67, 82-83; 189 NW 76 (1922); see also *Adams v Gillig,* 199 NY 314; 92 NE 670

(1910), cited with approval in *Kefuss, supra,* p 86; *Judd v Judd (On Rehearing),* 192 Mich 207, 208; 160 NW 548 (1916). Fraud in the inducement to enter a contract renders the contract voidable at the option of the defrauded party. *Whitcraft v Wolfe,* 148 Mich App 40, 52; 384 NW2d 400 (1985).

In the present case, the trial court made detailed findings of fact on the record and concluded that plaintiff had perpetrated a fraud in inducing defendants to enter into the purchase agreements where plaintiff had no intention of abiding by their terms. The evidence clearly supports such a finding, and the evidence suggesting otherwise is minimal. Therefore, defendants were entitled to rescind the agreements and effected a rescission by refusing to proceed to closing. To the extent that the trial court's application of Michigan law may be construed to be inconsistent with the discussion above, we decline to reverse where the right result was reached for the wrong reason. *Gray v Pann,* 203 Mich App 461, 464; 513 NW2d 154 (1994).

Despite our conclusion that the purchase agreements were rescinded, we hold that the contractual attorney fee provisions survive such rescission. The purchase agreements provided that "[i]n the event either party shall prevail in any legal action commenced to enforce this agreement, he shall be entitled to all costs incurred in such action including legal fees." While the elements of this provision were satisfied, enforcement of this provision meets with one apparent difficulty—the contract was rescinded.

In general, rescission abrogates a contract completely. *Livingston v Krown Chemical Mfg, Inc,* 394 Mich 144, 152; 229 NW2d 793 (1975). All former contract rights are annulled; it is as if no contract had been made. *Cushman v Avis,* 28 Mich App 370, 372; 184 NW2d 294 (1970).

However, in the present case, the attorney fee provisions were severable from the purchase agreements proper. A general rule of contract law is that the failure of a distinct part of a contract does not void valid, severable provisions. *Robinson v A Z Shmina & Sons Co,* 96 Mich App 644, 649; 293 NW2d 661 (1980); see also 17A CJS, Contracts, § 331, p 308. While our review of Michigan case law has uncovered no pertinent discussion of the appropriate factors to consider when determining whether a contractual provision is severable, it is clear that the primary consideration is the intention of the parties. *Robinson, supra,* p 650; see also 17A CJS, Contracts, § 332, pp 309-310; 17A Am Jur 2d, Contracts, § 415, pp 441-442.

In concluding that the parties intended the attorney fee provisions to be severable, this Court is guided by the remarkably similar case of *Reistroffer v Person,* 247 Va 45; 439 SE2d 376 (1994). In *Reistroffer,* the Virginia Supreme Court was faced with a situation in which a party to a canceled real estate sales contract attempted to enforce a contractual provision entitling the prevailing party in a suit regarding the contract to attorney fees. The opposing party argued that one "cannot . . . repudiate the obligation of the contract yet seek a remedy arising from that same contract." *Id.,* p 49. The court ruled that "[c]learly, the parties intended that the provision regarding attorney's fees would be severable and would remain in effect . . . . Therefore, we hold that the attorney's fees provision is severable." *Id.,* p 50.

The facts of *Reistroffer* are directly analogous to the present situation. Here, defendants rescinded the purchase agreements, yet seek to enforce the attorney fee provisions contained in those same purchase agreements. As in *Reistroffer,* it was the intent of the present parties that if litigation

should arise, the loser of that litigation was to reimburse the prevailing party. Quite simply, the parties intended to deter litigation with regard to the contract. Therefore, in keeping with the intent of the parties, we hold that the attorney fee provisions were severable from the purchase agreements proper and survive the rescission of the purchase agreements. The trial court acted properly in enforcing them.

We have reviewed plaintiff's remaining arguments and find them unpersuasive. Plaintiff claims that the trial court abused its discretion, *Cleary v Turning Point,* 203 Mich App 208, 210; 512 NW2d 9 (1994), in admitting certain documents into evidence. However, by failing to object with respect to three of the four documents, plaintiff has failed to preserve for review the issue of their admission. MRE 103(a)(1). With respect to the final document, defendant did object, but only on the ground of relevancy. Only the issue of the relevancy of the document is preserved, *Williams v Coleman,* 194 Mich App 606, 620; 488 NW2d 464 (1992), an issue that plaintiff does not address on appeal. Therefore, neither do we. *Froling v Carpenter,* 203 Mich App 368, 373; 512 NW2d 6 (1994). Finally, under the facts of the present case and in light of the testimony ultimately presented, the trial court did not err in allowing an attorney who was a member of defense counsel's firm to testify, nor did it err in refusing to disqualify the firm.

Affirmed.