# STATE OF MICHIGAN

# COURT OF APPEALS

APEX BEHAVIORAL HEALTH WESTERN
WAYNE, PLLC and APEX DOWN RIVER
BEHAVIORAL HEALTH LLC,

UNPUBLISHED
November 13, 2014

Plaintiffs-Appellants,

v

No. 317490
Wayne Circuit Court
LC No. 13-005567-CZ

AHMAD KHAN and YAR, INC,

Defendants-Appellees.

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

Apex Behavioral Health Western Wayne, PLLC ("Apex Western Wayne") and Apex Down River Behavioral Health LLC ("Apex Down River") appeal as of right from the circuit court's order denying their motion for a preliminary injunction, setting aside their temporary restraining order, and dismissing their complaint in its entirety. We vacate the circuit court's order dismissing Apex Western Wayne and Apex Down River's claims and remand for further proceedings consistent with this opinion.

This case arose after Ahmad Khan and Yar, Inc. attempted to execute a March 1, 2013 judgment against Apex Behavioral Health, PLLC ("Apex") entered by the 18th District Court against Apex Western Wayne and Apex Down River. As background, Apex once consisted of ten psychiatrists, but after dissension, the psychiatrists formed three other separate limited liability companies, which included Apex Western Wayne and Apex Down River. On March 1, 2013, the district court entered a default judgment in favor of Khan and Yar, Inc. against Apex for $25,635.29. At the time the judgment was entered, Apex and Apex Western Wayne both listed the same address as their registered office with the Michigan Department of Licensing and Regulatory Affairs. On April 23, 2013, bailiffs went to the address for Apex and Apex Western

Wayne and attempted to collect on the judgment. Apex Western Wayne paid $15,846 to prevent the bailiffs from taking property and closing the business.[1]

In response to Khan and Yar, Inc.'s collection efforts, Apex Western Wayne filed a verified complaint for unjust enrichment, a temporary restraining order, a show cause order, and a preliminary injunction on April 29, 2013, in the circuit court. That same date, Apex Western Wayne also filed a motion for a temporary restraining order, a show cause order, and a preliminary injunction. On April 30, 2013, the court entered a temporary restraining order and also set a show cause hearing regarding why a preliminary injunction should not be ordered for May 10, 2013. On May 7, 2013, Apex Western Wayne and Apex Down River filed a verified amended complaint for unjust enrichment, a temporary restraining order, a show cause order, and a preliminary injunction, arguing that Apex Western Wayne and Apex Down River were separate and distinct legal entities from Apex, and, therefore, were not liable for Apex's judgment obligations. The court subsequently determined that Apex Western Wayne and Apex Down River were liable for Apex's debts because, in the court's words, "[j]ust changing the last name doesn't — won't enable Apex from avoiding the debt." Accordingly, on July 18, 2013, the court entered an order denying Apex Western Wayne and Apex Down River's request for a preliminary injunction, setting aside the temporary restraining order, and dismissing the amended complaint.

Apex Western Wayne and Apex Down River first argue that the circuit court improperly dismissed their case because it wrongly concluded that they were liable on Apex's debt obligations. Specifically, Apex Western Wayne and Apex Down River contend that the circuit court erred when it acted on its own initiative, failed to articulate specific reasons for the dismissal, and failed to give them an opportunity to brief and argue their position. We agree that the circuit court erred. We review for clear error a trial court's factual findings supporting its decision to involuntarily dismiss a plaintiff's claims, and review de novo a trial court's ultimate decision to involuntarily dismiss a case.[2] A finding is clearly erroneous if, after reviewing the entire record, this Court "is left with the definite and firm conviction that a mistake has been made."[3]

Under MCR 2.504(B)(2),[4] in a hearing without a jury, a trial court may dismiss a case on its own initiative if it determines on the facts and the law that the plaintiffs are not entitled to

---

[1] Apex Western Wayne and Apex Down River allege that on May 2, 2013, bailiffs also appeared at Apex Down River and attempted to collect the outstanding debt owed under the judgment. Khan and Yar, Inc., however, deny this allegation.

[2] *Samuel D Begola Servs, Inc v Wild Bros*, 210 Mich App 636, 639; 534 NW2d 217 (1995).

[3] *Peters v Gunnell, Inc*, 253 Mich App 211, 221; 655 NW2d 582 (2002).

[4] MCR 2.504(B)(2) provides as follows:

> In [a] . . . hearing tried without a jury, after the presentation of the plaintiff's evidence, the court, on its own initiative, may dismiss, or the defendant, without waiving the defendant's right to offer evidence if the motion is not

relief. Thus, the mere fact that the court dismissed the case sua sponte is not grounds for reversal.

MCR 2.504(B)(2), however, also provides that if a court chooses to render judgment on the merits against a plaintiff, the court must make findings as provided by MCR 2.517. MCR 2.517(A)(1) requires that, in actions tried without a jury, that the court "find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment." Nonetheless, when a trial court makes no independent findings, but merely enters judgment in favor of a party, the court's conclusions and factual findings are sufficient if "it appears that the trial court was aware of the issues in the case and correctly applied the law, and where appellate review would not be facilitated by requiring further explanation."[5] Here, the circuit court's factual findings and conclusions of law were not sufficient and further proceedings are necessitated.

The circuit court's conclusion that Apex Western Wayne and Apex Down River were liable on Apex's debt obligations was predicated on the flawed assumption that Apex Western Wayne and Apex Down River were legally associated with Apex, but had merely changed their names. The court's statement that "[j]ust changing the last name . . . won't enable Apex from avoiding the debt" reveals a misunderstanding of the facts of this case.

Under Article 2 of the Michigan Limited Liability Company Act,[6] a limited liability company exists as an independent legal entity beginning "on the effective date of the articles of organization" and "[f]iling is conclusive evidence that all conditions precedent required to be performed under this act are fulfilled and that the company is formed . . . ."[7] Once a limited liability company is formed, it exists as an independent legal entity, which can own assets, enter into contracts, is liable for its own debts, and cannot be held automatically liable for the debts of another separate legal entity.[8]

The court below considered (1) that Apex Western Wayne and Apex shared a registered office address, (2) that Apex Western Wayne's registered agent wrote a letter using Apex letterhead, and (3) that counsel for Apex Western Wayne and Apex Down River stated, "They're part of the PLLC," to conclude that Apex Western Wayne and Apex were the same company with a different last part of the name. However, Apex Western Wayne and Apex Down River

granted, may move for dismissal on the ground that, on the facts and the law, the plaintiff has no right to relief. The court may then determine the facts and render judgment against the plaintiff, or may decline to render judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in MCR 2.517.

[5] *Triple E Produce Corp v Mastronardi Produce, Ltd*, 209 Mich App 165, 176; 530 NW2d 772 (1995).

[6] MCL 450.4101 *et seq.*

[7] MCL 450.4202(2).

[8] See MCL 450.4210.

were each registered as independent limited liability companies as early as 2011. Two companies sharing the same registered office address, or a member of a limited liability company writing on the letterhead of another company, does not transform the two companies into the same legal entity. Further, the statement made by counsel for Apex Western Wayne and Apex Down River that "they" were "part of the PLLC," in response to the court's question regarding whether Apex Western Wayne and Apex Downriver were part of Apex, is devoid of sufficient context to determine what in fact counsel meant by her statement. Because Apex Western Wayne and Apex Down River are separately established independent limited liability companies under Michigan law, the circuit court clearly erred in determining that Apex, Apex Western Wayne, and Apex Down River were all the same company liable under the district court's judgment.

The question remains, however, whether the circuit court properly dismissed Apex Western Wayne and Apex Down River's claims because Khan and Yar, Inc. had a right to collect the assets located at the registered office of both Apex and Apex Western Wayne and to keep the $15,846 given by Apex Western Wayne to Khan and Yar, Inc.'s bailiffs. At the time the district court entered its judgment against Apex on March 1, 2013, Apex still existed. Thus, Khan and Yar, Inc. were required to execute their judgment collection efforts against Apex, and not Apex Western Wayne. The problem, then, turns on the fact that Apex Western Wayne and Apex shared the same registered office and the record does not indicate whether the assets sought by Khan and Yar, Inc.'s bailiffs were the property of Apex or of Apex Western Wayne. Accordingly, further proceedings are necessary to determine who owned the assets sought by Khan and Yar, Inc. Discovery is also required to determine whether the funds given to Khan and Yar, Inc.'s bailiffs by Apex Western Wayne actually belonged to Apex Western Wayne, or whether they came out of the assets of Apex. If the $15,846 was distributed from the separate and individual funds of Apex Western Wayne, Khan and Yar, Inc. are not entitled to keep those funds.

Lastly, Apex Western Wayne and Apex Down River argue that the circuit court abused its discretion in refusing to grant their motion for a preliminary injunction. We find that a reassessment of whether to grant Apex Western Wayne and Apex Down River's request for a preliminary injunction is warranted. "The grant or denial of a preliminary injunction is within the sound discretion of the trial court, and this Court will not reverse that decision absent an abuse of that discretion."[9] An abuse of discretion occurs when "the trial court's decision falls outside the range of principled outcomes."[10]

When a court decides whether to grant or deny a motion for a preliminary injunction, the court must

---

[9] *Davis v City of Detroit Fin Review Team*, 296 Mich App 568, 612; 821 NW2d 896 (2012).

[10] *Detroit Fire Fighters Ass'n, IAFF Local 344 v Detroit*, 482 Mich 18, 28; 753 NW2d 579 (2008).

evaluate whether (1) the moving party made the required demonstration of irreparable harm, (2) the harm to the applicant absent such an injunction outweighs the harm it would cause to the adverse party, (3) the moving party showed that it is likely to prevail on the merits, and (4) there will be harm to the public interest if an injunction is issued.[11]

The moving party "bears the burden of proving that the traditional four elements favor the issuance of a preliminary injunction."[12] "[I]njunctive relief is an extraordinary remedy that issues only when justice requires, there is no adequate remedy at law, and there exists a real and imminent danger of irreparable injury."[13]

Apex Western Wayne and Apex Down River contend that the circuit court improperly denied their request for a preliminary injunction because it failed to specifically articulate its reasoning under the four-factor test. Although nothing in the court rules specifically requires the trial court to articulate every reason for denial of a preliminary injunction under the traditional four-factor test, precedent from the Michigan Supreme Court indicates that the four factors must be considered by the court.[14]

Here, the lower court implicitly addressed both the irreparable harm factor and the likelihood to prevail on the merits factor by finding that Apex Western Wayne and Apex Down River were the same legal entity as Apex, only with a different last name, and, therefore, were properly liable for Apex's debts. The lower court's findings, however, were clearly erroneous and the propriety of the court's legal conclusions cannot be discerned without further proceedings to determine the ownership of the assets sought by and given to Khan and Yar, Inc. If the assets belonged to Apex Western Wayne in its capacity as an independent limited liability company, refusal to grant a preliminary injunction could perhaps cause irreparable harm, Apex Western Wayne and Apex Down River would likely succeed on the merits, the balance of harms would weigh in favor of Apex Western Wayne and Apex Down River, and there would be no risk of harm to the public by granting the injunction.

---

[11] *Id*. at 34.

[12] *Id.*; see also MCR 3.310(A)(4).

[13] *Davis*, 296 Mich App at 613-614 (internal quotation marks and citation omitted).

[14] *Detroit Fire Fighters*, 482 Mich at 34 (explaining that the trial court "must evaluate" the four factors in determining whether to grant or deny a motion for a preliminary injunction).

Accordingly, we vacate the circuit court's order dismissing Apex Western Wayne and Apex Down River's claims, and remand the matter for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot