CUSTOM DATA SOLUTIONS, INC v PREFERRED CAPITAL, INC

Docket No. 270752. Submitted December 5, 2006, at Detroit. Decided December 19, 2006. Approved for publication February 8, 2007, at 9:05 a.m.

Custom Data Solutions, Inc., brought an action in the Macomb Circuit Court against Preferred Capital, Inc., to invalidate a contract for telecommunications products and services it had entered into with a company called Norvergence, Inc. The contract included equipment rental agreements for "matrix boxes" that were supposedly necessary to receive the contracted services. Norvergence had assigned the equipment rental agreements to the defendant, which attempted to collect the rental fees despite the fact that Norvergence had never installed the matrix boxes and had not rendered the contracted services. The trial court, Diane M. Druzinski, J., granted the plaintiff's motion for summary disposition on the ground that the plaintiff had presented uncontested evidence of fraud on Norvergence's part, which rendered the contract, including the equipment rental agreements that Norvergence had assigned to the defendant, invalid. The defendant appealed.

The Court of Appeals *held*:

1. The trial court correctly concluded that the existence of a merger clause that rendered terms or oral promises outside the contract unenforceable did not preclude the plaintiff's claim of fraud in the inducement. The plaintiff presented unrefuted evidence that Norvergence's statements regarding its ability to provide the plaintiff with a telecommunications services and products package induced the plaintiff to enter into the agreement, that Norvergence knew it was incapable of providing the promised services and products when it made those representations, and that the necessary equipment was never installed and never functioned. Therefore, the contract was voidable at the plaintiff's option.

2. The trial court properly rejected the defendant's argument that the equipment rental agreements that Norvergence had assigned to it were separate agreements from the underlying contract, because the defendant did not refute the plaintiff's

evidence that Norvergence had given the plaintiff no choice but to enter into the equipment rental agreements as part of the total telecommunications package. As Norvergence's assignee, the defendant has the same rights and is subject to the same defenses as Norvergence. Thus, the equipment rental agreements are voidable at the plaintiff's option as a result of Norvergence's fraudulent inducement.

Affirmed.

*Kotz, Sangster, Wysocki and Berg, P.C.* (by *Frederick A. Berg, Elizabeth L. Sokol,* and *Kevin C. Clark*), for the plaintiff.

*Logan & Associates, P.C.* (by *Leslie Anne Logan*), for the defendant.

Before: OWENS, P.J., and WHITE and HOEKSTRA, JJ.

PER CURIAM. Defendant Preferred Capital, Inc. (Preferred), appeals as of right the circuit court's grant of summary disposition under MCR 2.116(C)(10) to plaintiff Custom Data Solutions, Inc. (CDS), which motion was granted on the basis that the agreements plaintiff entered into with defendant's assignor, Norvergence, Inc., were voided by Norvergence's fraudulent inducement. We affirm.

The circuit court's opinion and order granting plaintiff's motion for summary disposition set forth the underlying facts:

This matter involves the sale of telecommunications services and products. Plaintiff entered into a telecommunications services agreement and five equipment rental agreements with Norvergence, Inc., a New Jersey corporation. The equipment rental agreements were for a "matrix" box that Norvergence would install on customer's premises. Norvergence required the rental agreements in order for the customer to receive the total telecommunications services and products package that allegedly would

provide telephone, cellular, and internet services at dramatic savings. Two of the equipment rental agreements procured by Norvergence from Plaintiff were assigned to Commerce Commercial Leasing[1], LLC ("Commerce"). Three of the equipment rental agreements procured by Norvergence from Plaintiff were assigned to Preferred.[2] Plaintiff alleges that Norvergence was unable to provide the telecommunication services to Plaintiff. Despite this fact, Defendants have attempted to collect under the assigned rental agreements. Plaintiff filed suit against Defendants in an attempt to protect itself from collection under the assigned rental agreements. On September 2, 2004, Plaintiff filed an amended complaint against Defendants, alleging breach of contract in count 1; breach of express and implied warranty in count 2; fraud in the inducement in count 3; innocent misrepresentation in count 4; civil conspiracy in count 4; and declaratory relief in count 6.

The circuit court granted plaintiff's motion, concluding that plaintiff presented uncontested evidence of fraud on Norvergence's part, which rendered the contract, including the equipment rental agreements (ERAs) Norvergence assigned to defendant Preferred, invalid.

I

Defendant asserts that the inclusion of a merger clause in the ERAs[3] bars plaintiff's claim of fraud in the

---

[1] Commerce Commercial Leasing was dismissed with prejudice by stipulation of the parties, and is not a party to this appeal.

[2] The record shows that Norvergence assigned two, not three, equipment rental agreements (ERA)s to Preferred Capital.

[3] Plaintiff submitted below copies of the ERAs it entered into with Norvergence for matrix boxes, which provided in pertinent part:

You agree to all the terms and conditions shown above and the reverse side of this Rental, that those terms and conditions are a complete and exclusive statement of our agreement and that they

inducement. The parties agree that a fraud in the inducement claim must rest on promises of future conduct made under circumstances in which the assertions may reasonably be expected to be relied on, but defendant asserts that plaintiff's reliance on Norvergence's precontract representations was patently *unreasonable* because Norvergence's alleged statements or promises were not contained in the written ERAs, which contained a merger clause. We disagree.

A

The circuit court considered more than the pleadings;[4] thus, this Court's review is under MCR 2.116(C)(10), which tests the factual support for a claim. *Michigan Mut Ins Co v Dowell,* 204 Mich App 81, 85; 514 NW2d 185 (1994). The circuit court's grant of summary disposition is reviewed de novo. *Dressel v Ameribank,* 468 Mich 557, 561; 664 NW2d 151 (2003). The court must consider the pleadings and other documentary evidence submitted in a light most favorable to the nonmovant. *Id.*

"[I]n general, actionable fraud must be predicated on a statement relating to a past or an existing fact." *Samuel D Begola Services, Inc v Wild Bros,* 210 Mich App 636, 639; 534 NW2d 217 (1995). However, "Michigan also recognizes fraud in the inducement . . . [which] occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are

_____

may be modified only by written agreement between you and us. Terms or oral promises which are not contained in this written Rental may not be legally enforced. . . .

[4] The parties brought cross-motions for summary disposition under MCR 2.116(C)(8) and (C)(10).

relied upon." *Id.* To establish a fraud in the inducement, a party must show that

> "(1) the defendant made a material representation; (2) the representation was false; (3) when the defendant made the representation, the defendant knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damage." [*Belle Isle Grill Corp v Detroit,* 256 Mich App 463, 477; 666 NW2d 271 (2003), quoting *M & D, Inc v McConkey,* 226 Mich App 801, 806; 573 NW2d 281 (1997).]

"Fraud in the inducement to enter a contract renders the contract voidable at the option of the defrauded party." *Samuel D Begola Services, supra* at 640.

Calamari & Perillo, The Law of Contracts (4th ed), states regarding the effect of merger clauses:

> Written contracts frequently contain merger clauses stating that the writing contains the entire contract and that no representations other than those contained in the writing have been made. Despite the existence of a merger clause, parol evidence is admissible for purposes of demonstrating that the agreement is void or voidable or for proving an action for deceit. *Fraus omnia corrumpit*: fraud vitiates everything it touches. [Calamari, § 9.21, pp 340-341.]

"[W]hen a contract contains a valid merger clause, the only fraud that could vitiate the contract is fraud that would invalidate the merger clause itself, i.e., fraud relating to the merger clause or fraud that invalidates the entire contract including the merger clause." *UAW-GM Human Resource Ctr v KSL Recreation Corp,* 228 Mich App 486, 503; 579 NW2d 411 (1998), citing 3 Corbin, Contracts, § 578.

B

The circuit court rejected defendant's argument that the merger clause precluded plaintiff's claim of fraud in the inducement, concluding that plaintiff presented uncontested evidence of Norvergence's fraud, and that the contract, including the ERAs Norvergence assigned to defendant, was thus voidable:

> Plaintiff has provided uncontroverted evidence that the agreement for a total communications package, and the accompanying rental agreements were the result of a fraudulent scheme by Norvergence to finance the services that Norvergence was promising to provide to Plaintiff and others. The evidence presented relating to the fraud used to induce Plaintiff into the service and equipment contracts establishes fraudulent inducement and invalidates the entire contract including the merger clause. The Court is satisfied that Plaintiff's reliance upon the representations made by Norvergence was reasonable, and that the UCC and the provisions regarding rejection of goods does [sic] not apply to the case at hand. Consequently, the merger clause in the equipment rental agreements is insufficient to prevent Plaintiff from introducing evidence of fraud, and Plaintiff's motion for summary disposition to void the contract should be granted.

We find no error. As the circuit court concluded, plaintiff presented unrefuted evidence in support of its motion for partial summary disposition that Norvergence's statements regarding its ability to provide plaintiff with a total telecommunications and products package induced plaintiff to enter into the agreement with Norvergence. The affidavits of plaintiff's vice president, Michael Nudi, and Norvergence's area vice president, Ron Zirkin, support the proposition that Norvergence promised to provide CDS with services through the matrix boxes that were the subject of the ERAs. Nudi attested that Norvergence gave CDS no

choice but to lease the matrix boxes as part of the overall telecommunications package it offered to CDS. Zirkin's affidavit supports plaintiff's position that Norvergence, at the time the representations were made to CDS, knew that it lacked the capability to provide the services and products package it promised CDS. Defendant came forward with no evidence to refute that Norvergence made these representations, that these representations induced plaintiff to enter into a contract that included the ERAs for the matrix boxes (those at issue were assigned to defendant by Norvergence), that the matrix boxes were never installed and never functioned, and that Norvergence knew at the time it made the representations to plaintiff that it was incapable of providing the services promised. Defendant's argument thus fails.

II

Defendant argues that plaintiff's failure to receive full performance under separate service agreements with an unrelated entity does not invalidate plaintiff's contractual agreements with defendant, which expressly waived all warranties and were fully performed. Defendant maintains that plaintiff does not identify any provision of the written contract that defendant has breached, and is unable to produce any evidence to show a breach because there has been no breach of the ERA. Defendant contends that the alleged breaches by Norvergence relate to separate contracts and ought not invalidate defendant's equipment lease agreements, which comport with Michigan law in adequately disclaiming any and all warranties and representations. Defendant asserts that the ERAs expressly state that plaintiff is obligated to make payments for the full term notwithstanding equipment failure, damage, loss, or other problem.

The circuit court rejected the fundamental argument defendant makes here—that the ERAs, which Norvergence assigned to defendant, were agreements separate from the telecommunications package Norvergence sold plaintiff:

> The Court will next address Preferred's argument that Plaintiff's claim for breach of contract fails based upon the inclusion of a valid merger clause, and that there was no breach of the written terms of the equipment rental agreement. . . . .
>
> Plaintiff has provided the with [sic] the affidavit of Michael Nudi to support its claim that the equipment rental agreement was part and parcel of the total telecommunication services that were to be provided to Plaintiff. Plaintiff has also provided the Court with the affidavit of Ronald Zirkin, Vice-President of Norvergence, who attested to the fact that Norvergence could not and did not provided [sic] the services promised as part of the contract. Preferred has failed to refute these factual assertions. Instead, Preferred attempts to separate the equipment rental agreement from the services to be provided through the matrix boxes that comprised the equipment in the equipment rental agreement. The Court is not persuaded by this argument. It is clear that the equipment rental agreements were part of the "services" to be provided, and constituted one contract for services and equipment. Since the services were not provided, the whole contract fails, and therefore Plaintiff's motion for summary disposition on its claim for breach of contract should be granted.

The circuit court properly rejected defendant's argument that the ERAs Norvergence assigned defendant were agreements separate from the total telecommunications package. Defendant did not refute the evidence plaintiff provided that the ERAs were part and parcel of the agreement for a total telecommunications package that plaintiff entered into with Norvergence, and defendant failed to offer evidence to refute that Norvergence

gave plaintiff no choice but to lease the matrix boxes by ERAs as part of the package. As Norvergence's assignee, defendant stood in the shoes of Norvergence with respect to the ERAs. *Burkhardt v Bailey*, 260 Mich App 636, 652-653; 680 NW2d 453 (2004) ("An assignee stands in the position of the assignor, possessing the same rights and being subject to the same defenses."). Thus, the ERAs Norvergence assigned to Preferred, which are not agreements separate from the total telecommunications package, are voidable at plaintiff's option by virtue of Norvergence's fraudulent inducement, regardless of whether plaintiff shows a breach of the ERAs by Preferred.

Defendant reiterates its argument that plaintiff's contract claims are all based on Norvergence's oral representations that plaintiff would be receiving the promised telecommunications services from them in the future at a substantial cost savings, and that these alleged oral representations are precluded from the written contract by the merger clause. This argument was addressed and rejected earlier in this opinion.[5]

Affirmed.

---

[5] In light of our disposition, we need not reach defendant's arguments regarding the validity of disclaimers of warranties under the UCC and other statutes—arguments the circuit court did not address.