# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

METRO MORTGAGE INVESTMENTS, LLC,

        Plaintiff-Appellee,

v

ALEXANDRIA RILEY,

        Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 332634
Oakland Circuit Court
LC No. 2015-147176-AV

---

ALEXANDRIA RILEY,

        Plaintiff-Appellant,

v

METRO MORTGAGE INVESTMENTS, LLC,

        Defendant-Appellee.

No. 333280
Oakland Circuit Court
LC No. 2015-145929-CH

---

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

In Docket No. 332634, Alexandria Riley ("Riley") appeals by leave granted the circuit court's December 8, 2015 order affirming the district court's order granting Metro Mortgage Investments LLC ("MMI") judgment of possession with respect to the three parcels of real property at issue in these matters.[1] In Docket No. 333280, Riley appeals as of right the circuit court's April 20, 2016 order granting MMI's motion for summary disposition pursuant to MCL 2.116(C)(7), (C)(8), and (C)(10) on a related lawsuit filed by Riley against MMI. This Court consolidated these cases in the October 11, 2016 order.[2] We affirm in both matters.

---

[1] *Metro Mortgage Investments v Riley*, unpublished order of the Court of Appeals, entered October 11, 2016 (Docket No. 332634).

[2] *Id.*

-1-

Riley, the appellant in both cases, argues on appeal that the circuit court erred in granting summary disposition on each of the grounds identified above.[3]  With respect to MCR 2.116(C)(7), she argues that summary disposition was inappropriate because the statute of frauds does not apply to her claim.  With respect to MCR 2.116(C)(8) and (C)(10), she argues that summary disposition was inappropriate because she was fraudulently induced into agreeing to an investment loan.  We will address each argument separately.

With respect to MCR 2.116(C)(7), we agree with the circuit court's conclusion that summary disposition pursuant to subsection (C)(7) was appropriate.  This Court reviews de novo motions for summary disposition.[4]  "In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor."[5]  "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence."[6]  Similarly, "[t]his Court reviews de novo questions of law such as whether the statute of frauds bars enforcement of a purported contract."[7]

In this case, Riley's appellate arguments focus on MCL 566.132(2), which, generally speaking, "requires certain types of agreements to be in writing before they can be enforced."[8]  Specifically, it prohibits a variety of lawsuits against a "financial institution" as defined in MCL 566.132(3).  She argues that MCL 566.132(2) cannot apply because MMI does not satisfy subsection (3)'s definition of "financial institution" for the time period at issue in this case, and it appears that she may be correct in this regard.[9]  However, even if we assume that she is correct in this regard, MMI was nevertheless entitled to summary disposition pursuant to MCR 2.116(C)(7) for other reasons.

---

[3] It should be noted that it appears that Riley only challenges the circuit court's dismissal of her fraud-related claims on appeal.  Riley's original complaint included a variety of other claims, but she has not specifically taken issue with allegations other than those with respect to fraud on appeal.  In any event, as indicated below, it is our view that the statute of frauds and parol evidence rule apply to Riley's other allegations in this lawsuit.

[4] *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010).

[5] *Id*.

[6] *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).

[7] *Zander v Ogihara Corp*, 213 Mich App 438, 441; 540 NW2d 702 (1995).

[8] *Crown Tech Park v D&N Bank, FSB*, 242 Mich App 538, 548; 619 NW2d 66 (2000).

[9] We expressly choose to decline MMI's invitation to apply MCL 566.132(2) to entities that no longer satisfy the definition of "financial institution" as set forth in MCL 566.132(3) but did in the past.  We are not permitted to read provisions into a statute that are not there, *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002), and it is the Legislature's, not this Court's, role to address public policy in this regard, *Woodman v Kera LLC*, 486 Mich 228, 245; 785 NW2d 1 (2010) (opinion by YOUNG, J.).

Specifically, it is our view that MCL 566.106 controls the outcome of this case. Like MCL 566.132, MCL 566.106 requires that certain agreements be in writing.[10] It provides, in full, the following:

> No estate or interest in lands, other than leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by some person thereunto by him lawfully authorized by writing.

As MMI contends, Riley's position relies on an oral agreement to delay the recording of a deed in lieu of foreclosure if she pursued refinancing. It is our view that an agreement not to record a deed sufficiently relates to an interest in land in a manner that requires the application of MCL 566.106, and Riley fails to make a persuasive argument to the contrary.

Despite the application of MCL 566.106, Riley argues that summary disposition remains improper because the statute of frauds may not be used as an instrument of fraud. To support this claim, Riley contends that "MMI relayed an agreed upon sales price to induce a signature on the deed only to later raise and then raise again what would be necessary to purchase the property back" and describes herself as "a fraud victim of MMI's predatory lending." As indicated below, however, our review of the record reflects that Riley has not presented sufficient factual support to demonstrate that a question of fact exists with respect to Riley's allegations of fraud in this case.

With respect to MCR 2.116(C)(8) and (C)(10), we agree with the circuit court's conclusion that summary disposition pursuant to subsection (C)(8) and (C)(10) was appropriate as well. Again, this Court reviews de novo motions for summary disposition.[11] A motion for summary disposition pursuant to subsection (C)(8) tests the legal sufficiency of the complaint and "may be granted only where the claims alleged are "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery."[12] A motion for summary disposition pursuant to subsection (C)(10) tests the factual sufficiency of the complaint and may be granted "[w]here the proffered evidence fails to establish a genuine issue regarding any material fact[.]"[13]

---

[10] See, e.g., *Zaher v Miotke*, 300 Mich App 132, 138; 832 NW2d 266 (2013) ("Under the statute of frauds, MCL 566.106 and MCL 566.108, an easement is the transfer of a property interest and must be made in writing and signed by everyone with an interest in the property.").

[11] *Nuculovic*, 287 Mich App at 61.

[12] *Maiden*, 461 Mich at 119 (citation and internal quotation marks omitted).

[13] *Id.*

-3-

In this case, Riley essentially raises a claim of fraud in the inducement, which "occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon."[14]  As Riley correctly recognizes, a claim of fraud in the inducement requires proof of six elements:  (1) a material representation by the defendant; (2) that representation was false; (3) when the false, material representation was made, the defendant knew it was false or make it with recklessly without knowledge of whether it was true or false; (4) the defendant intended the plaintiff to act upon the representation; (5) the plaintiff relied upon the representation; and (6) the plaintiff suffered damage as a result.[15]

Reviewing Riley's complaint, we are persuaded that, at a minimum, the circuit court correctly concluded that summary disposition pursuant to MCR 2.116(C)(8) was appropriate on Riley's allegations of fraud.[16]  As MMI contended below and contends again on appeal, Riley's complaint simply does not plead her fraud claim with sufficient particularity.[17]  While, ordinarily, a party should be provided an opportunity to amend his or her complaint in light of this failure, Riley did not file a motion to amend, or otherwise express a desire to amend, before the trial court, and she only expresses such a desire for the first time in her reply brief on appeal. Even then, however, she only indicates that "[t]he defects in the original complaint can be cured."  In our view, this is insufficient.[18]

Furthermore, we see no reason why the parol evidence rule would not preclude Riley from asserting the existence of the oral agreement that she contends exists.  "The parol evidence rule may be summarized as follows:  '[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous.' "[19]  " 'The practical justification for the rule lies in the stability that it gives to written contracts; for otherwise either party might

---

[14] *Samuel D Begola Servs, Inc v Wild Bros*, 210 Mich App 636, 639; 534 NW2d 217 (1995).

[15] *Custom Data Solutions, Inc v Preferred Capital, Inc*, 274 Mich App 239, 243; 733 NW2d 102 (2006).

[16] Riley likens the facts of this case to those in *Howard v Trott & Trott, PC*, unpublished opinion per curiam of the Court of Appeals, issued September 11, 2012 (Docket No. 304457), p  3, but that case involved specific allegations of a false representation made to the plaintiff and the court as to whether a parcel of real property had been redeemed, which is significantly different from the facts at issue here.

[17] See, e.g., *State ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 63; 852 NW2d 103 (2014) ("MCR 2.112(B)(1) provides, in full, 'In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity.' ").

[18] *Yudashkin v Holden*, 247 Mich App 642, 651; 637 NW2d 257 (2001).

[19] *UAW-GM Human Resource Center v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998), quoting *Schmude Oil Co v Omar Operating Co*, 184 Mich App 574, 580; 458 NW2d 659 (1990).

avoid his obligation by testifying that a contemporaneous oral agreement released him from the duties that he had simultaneously assumed in writing.' "[20]

Here, we agree with the circuit court's conclusion that Riley's alleged oral agreement contradicts the unambiguous provisions set forth in the deed in lieu of foreclosure and corresponding estoppel affidavit. For example, the affidavit provides, in relevant part, the following:

> That no Agreement or contract for conveyance or other deed of conveyance or written lease or other writing whatsoever are in existence adversely affecting the title to the premises and that the sole consideration for the Warranty Deed was and is the full satisfaction of all debts, obligations, costs and charges heretofore existing under and by virtue of a certain mortgage granted by Alexandria Riley, a single woman assigned to Metro Mortgage Investments LLC dated 6/30/2011 in default on property described in the deed.

Riley signed this affidavit, and, stated simply, the alleged oral agreement to delay foreclosure would, in our view, contradict this provision.

Similarly, to the extent Riley's claim is premised on her position that she was fraudulently induced into agreeing to an investment mortgage, as opposed to a residential mortgage, the deed in lieu of foreclosure and corresponding estoppel affidavit contradict that assertion as well. That is, the deed in lieu of foreclosure and estoppel affidavit reflected the parties' agreement to enter into an investment mortgage, and, again, Riley signed these documents. Furthermore, we cannot overlook the fact that the only evidence Riley presents to support her position in this regard is her testimony and various documents that indicate she may have been eligible for a residential mortgage. While one could speculate, based on this evidence, that Riley might have been eligible for and sought a residential mortgage, mere speculation is insufficient to overcome a motion for summary disposition.[21]

Accordingly, for the reasons set forth above, we affirm the circuit court's orders in Docket No. 332634 and Docket No. 333280.[22]

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien

---

[20] *Id*., quoting 4 Williston, Contracts, § 631.

[21] *McNeil-Marks v MidMichigan Med Ctr-Gratiot*, 316 Mich App 1, 16; 891 NW2d 528 (2016).

[22] It should be noted that the arguments addressed above are raised by Riley with respect to the circuit court's decision to grant MMI's motion for summary disposition in Docket No. 333280. It does not appear that Riley raises any additional arguments with respect to the circuit court's and district court's decisions in Docket No. 332634.