*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMY PLETS, LORI HENDERSON, TIMOTHY BALLOR, and DEBRA BALLOR,

Plaintiffs/Counter-defendants-
Appellants,

v

TRIPLE L LAND DEVELOPMENT LLC and LISA HENSEL,

Defendants/Counter-plaintiffs/Third-
Party Plaintiffs-Appellees,

v

ORVILLE J. MCGIRR, doing business as MCGIRR REALTY, and DAVE MCQUARRIE,

Third-Party Defendants.

UNPUBLISHED
May 20, 2021

No. 350445
Alpena Circuit Court
LC No. 16-007259-CZ

Before: SAWYER, P.J., and STEPHENS and RICK, JJ.

PER CURIAM.

Plaintiffs[1] appeal by leave granted the trial court's order granting summary disposition in favor of defendants.[2] For the reasons discussed herein, we reverse the trial court's order granting summary disposition in favor of defendants and remand for further proceedings.

## I. BACKGROUND

---

[1] We refer to plaintiffs/counterdefendants simply as "plaintiffs."

[2] We refer to defendants/counterplaintiffs simply as "defendants."

This case arises from plaintiffs' and defendants' disputes over a land contract. Prior to entering into a land contract with defendants, plaintiffs owned property in Alpena, Michigan. The property hosted an automotive service shop from 1959 until 2012. Hazardous substances that could contaminate the property's soil were used in that business.

In November of 2006, PM Environmental, Inc. collected soil and groundwater samples from the property. After analyzing those samples, on December 29, 2006, PM Environmental sent to plaintiffs a Phase II Environmental Site Assessment Report (Phase II Report). In the Phase II Report, PM Environmental explained that it had found contaminants in the samples, and that the property would therefore be considered a "facility" under the Natural Resources and Environmental Protection Act (NREPA), MCL 324.101 *et seq.*[3] This designation required the plaintiffs to provide written notice of the property's status as a facility to any prospective buyer before sale.[4]

Plaintiffs put the property up for sale in 2012. Defendants offered to buy the property, and plaintiffs and defendants negotiated a purchase agreement for a sale through a land contract. Defendants reserved the right to revoke their offer to buy if plaintiffs could not provide proof that the property's soil was free from contaminants. This contingency was included in the sales contract: "This offer is contingent on . . . (2) upon receiving satisfactory evidence the land and soil at this location 2459 S. US 23 Alpena is free of contaminants and pollution and proof is provided[,] seller has 10 days to accept or reject this offer" (hereinafter "contingency clause"). Plaintiffs accepted.

Two years later, during the late summer of 2014, defendants attempted to sell the property to the Salvation Army. The Salvation Army had a Phase II Environmental Assessment of the property performed which like the 2006 assessment, revealed the presence of contaminants in the soil and groundwater. According to defendants, after the Salvation Army reported this to them, defendants ceased making installment payments to plaintiffs and ceased paying taxes on the property.

In response, plaintiffs sued defendants for breach of contract and possession of the property. Defendants counterclaimed for fraudulent inducement and negligent misrepresentation

---

[3] Under NREPA, a facility is "any area, place, or property where a hazardous substance in excess of the concentrations which satisfy the requirements of [MCL 324.20120a(1)(a) ] or (17) or the cleanup criteria for unrestricted residential use under part 213 [MCL 324.21301 *et seq.*] has been released, deposited, disposed of, or otherwise comes to be located." MCL 324.20101(o); *1031 Lapeer LLC v Rice*, 290 Mich App 225, 230-231; 810 NW2d 293 (2010)

[4] "A person who has knowledge or information or is on notice through a recorded instrument that a portion or the entirety of a parcel of that person's property is a facility shall not transfer an interest in that real property unless he or she provides written notice to the purchaser or other person to which the property is transferred disclosing the known general nature and extent of the hazardous substance release and any land or resource use restrictions that are known by the person to apply." MCL 324.20116(1).

and moved for summary disposition on the fraudulent inducement claim under MCR 2.116(C)(10), arguing that the contract was void because plaintiffs had fraudulently induced their assent. Defendants reasoned that, by agreeing to the contingency clause, plaintiffs had represented they could provide proof that the property was free from contaminants. Since plaintiffs were in possession of the Phase II Report at the time plaintiffs knew they could never prove the property was contaminant free. Plaintiffs countered that there was no evidence suggesting they made this representation with intent to defraud defendants because they sent defendants the Phase II Report before defendants signed the land contract. The defendants denied the receipt of the Phase II Report and provided evidence in support of that assertion.

The trial court granted defendants' motion for summary disposition. In reaching this decision, the trial court acknowledged that there was a factual dispute regarding the Phase II report but ruled that the dispute was not material. The fact that plaintiffs had earlier misrepresented their ability to provide proof that the property was free from contaminants was enough to render them liable for fraudulent inducement. Therefore, the trial court concluded that defendants were entitled to judgment as a matter of law.

Plaintiffs filed a delayed interlocutory application for leave to appeal, which we granted. *Plets v Triple L Land Development LLC*, unpublished order of the Court of Appeals, entered January 21, 2020 (Docket No. 350445). Plaintiffs argued the trial court erred by granting summary disposition in favor of defendants because defendants had not produced evidence conclusively establishing a claim for fraudulent misrepresentation. We agree.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant summary disposition. *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustees v City of Pontiac*, 309 Mich App 611, 617-618; 873 NW2d 783 (2015). "A motion under MCR 2.116(C)(10) 'tests the factual support of a plaintiff's claim.' " *Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013), quoting *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). In considering a motion under MCR 2.116(C)(10), a trial court must examine "the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183. The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, a trial court should not grant a motion for summary disposition under MCR 2.116(C)(10). *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 437; 695 NW2d 84 (2005).

## III. ANALYSIS

To void a contract for fraudulent inducement, a party must establish six elements: (1) that the opposing party made a material representation; (2) that the representation was false; (3) that

when the opposing party made the representation, the opposing party knew that it was false, or made it recklessly, without knowledge of its truth and as a positive assertion; (4) that the opposing party made the representation with the intention that the party would act upon it; (5) that the party acted in reliance upon it; and (6) the party suffered damage. *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 499; 892 NW2d 467 (2016), quoting *Custom Data Solutions, Inc v Preferred Capital, Inc*, 274 Mich App 239, 243; 733 NW2d 102 (2006). Accordingly, to be entitled to judgment as a matter of law, defendants were required to provide evidence establishing these six elements.

Under the land contract, defendants were required to pay monthly installments until they fully satisfied the purchase price. Defendants were also required to pay all property taxes and assessments. If defendants failed to do either of the foregoing, plaintiffs retained the right to take back possession of the property.

Many of the facts in this case are not in dispute. The authenticity of the documentary evidence was not disputed. The key documents are, of course, the purchase agreement and the Phase II Report. The plaintiffs acknowledge that the Phase II Report was in their possession prior to execution of purchase agreement. The failure to pay taxes and land contract payments, is also, undisputed.

Other important facts are contested. The plaintiffs allege that they sent a copy of the Phase II Report to their real-estate agent, Sharon Houston. According to Houston, she delivered a copy of this report to defendants' real-estate agent, Dave McQuarrie. After receiving the Phase II Report, McQuarrie responded to plaintiffs in a letter signed by a Dr. Steven R. Hensel—who was apparently another agent acting on behalf of defendants. In the letter, McQuarrie stated that defendants believed plaintiffs had provided proof the property was free from contaminants and, therefore, defendants agreed to remove the contingency. McQuarrie, however, explained that he wrote this at the behest of defendants and that he never received a copy of the Phase II Report. Defendants insist that McQuarrie never made them aware of the report.[5]

We agree with the trial court that there was evidence that unequivocally established the first three elements of fraudulent inducement. By agreeing to defendants' contingency clause in the purchase agreement, plaintiffs represented that they could provide proof that the property was free from contaminants. See *Samuel D Begola Servs, Inc v Wild Bros*, 210 Mich App 636, 640; 534 NW2d 217 (1995) (holding that a party had perpetrated fraud in the inducement by entering into an agreement while having no intention to abide by the agreement's terms). Plaintiffs' representation was material, because defendants conditioned their offer to buy on the property being free from contaminants. At the same time plaintiffs were making this material representation

---

[5] This forms the basis for defendants' third-party complaint against third-party defendants, Orville J. McGirr, doing business as McGirr Realty, and Dave McQuarrie. In August of 2015, defendants sued third-party defendants for breach of fiduciary duty, breach of contract, and fraud. Defendants argued that third-party defendants knew or should have known that the property was contaminated and that, by failing to disclose this, third-party defendants breached the fiduciary duty they owed to defendants.

to defendants, plaintiffs were in possession of the Phase II Report. Hence, plaintiffs knew that their representation was false or else reasonably should have known so. In short, there is no issue of material fact that plaintiffs made a false representation to defendants.

However, to establish fraudulent inducement, defendants were required to prove more than just a false representation. Defendants were also required to prove that (1) plaintiffs made the false representation with the purpose of inducing defendants' assent to the land contract; (2) that defendants acted in reliance on the false representation; and (3) that defendants suffered damage. Defendants failed to provide evidence unequivocally establishing these elements.

The trial court acknowledged that there was conflicting evidence as to whether the defendants or their agent received the Phase II Report. However, the trial court found that this factual dispute was not material. We disagree. It is material to the reliance element of the defendants' claim. If defendants did receive the report, their reliance on any contrary representation is undermined. In a succinct summary on the first few pages, the Phase II Report explains its findings about contamination levels on the property. On the other hand, if defendants did not receive a copy of the Phase II Report, then defendants could plausibly claim that they relied on plaintiffs' previous representation, as defendants would apparently have had no other way of knowing there were contaminants on the property. Until this question of fact—whether defendants received a copy of the Phase II Report—is resolved, it will be unclear whether defendants relied on plaintiffs' representation.[6]

There is also a question of fact concerning the Phase II Report that impacts the intent element of the defendants' claims. As noted above, plaintiffs' agent claims she sent the report to the defendants' agent. If the report was sent, and even if the representation letter was also sent before closing, reasonable minds could conclude that plaintiffs in fact had no intent to defraud defendants. On the other hand, considering that plaintiffs did not correct defendants' ostensible misunderstanding of the Phase II Report, reasonable minds could also conclude the opposite. Given that reasonable minds could draw two competing inferences from the evidence below, a genuine issue of material fact exists. *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010) ("A question of fact exists when reasonable minds could differ as to the conclusions to be drawn from the evidence.")

We find there are two material factual disputes and therefore, we reverse the trial court's order granting defendants summary disposition and remand for further proceedings.

---

[6] Given that the resolution of this issue depends on a question of fact, defendants would also not be entitled to summary disposition under a negligent misrepresentation theory. Although negligent representation does not require proof of intent, it still requires a party to prove "that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Alfieri v Bertorelli*, 295 Mich App 189, 194; 813 NW2d 772 (2012) (citation and quotation marks omitted).

Reversed and remanded.  We do not retain jurisdiction.


/s/ David H. Sawyer
/s/ Cynthia Diane Stephens
/s/ Michelle M. Rick